```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
VINCENT VALENTI,

                    Plaintiff,                                    **ORDER**
                                                                  CV 09-0977 (JFB)(ARL)
          -against-

MASSAPEQUA UNION FREE SCHOOL
DISTRICT, et al.,

                    Defendants.
----------------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

Before the court is the plaintiff's motion to quash a subpoena served on non-party South Oaks Hospital, plaintiff's current second employer. Plaintiff is presently employed by defendant Massapequa Union Free School District and at South Oaks Hospital. The plaintiff contends that the subpoena is overly broad and seeks disclosure of confidential information. The defendants argue that the information being sought is directly relevant to (i) their defense on plaintiff's claims of concurrent lost time and wages at South Oaks Hospital; and (ii) plaintiff's subjective sensibilities in his interaction with colleagues and supervisors at South Oaks Hospital. For the reasons set forth below, the motion to quash is granted, in part.

"A party ordinarily lacks standing to challenge a non-party subpoena with a motion . . . to quash unless the party is seeking to protect a personal privilege or right. S*ee Malmberg v. United States,* 2010 U.S. Dist. LEXIS 28784 *3 (N.D.N.Y. Mar. 24, 2010). Here, the plaintiff has a legitimate privacy interest in any information regarding her personnel file with her current employer, and thus, can challenge the subpoena. *See Warnke v. CVS Corp.,* 265 F.R.D. 64, 66 (E.D.N.Y. 2010). Accordingly, the court will turn to the issue of whether the information being sought is relevant to the claims and defenses in this employment discrimination action, and if relevant, weigh defendants' right to obtain that discovery against the burden imposed on plaintiff. *See id.* at 67-69.

Defendants' subpoena seeks the complete personnel file of plaintiff at South Oaks Hospital. Documents relating to plaintiff's requests for time off, his compensation and benefits as well as any communications referring to defendants acts or omissions are relevant to plaintiff's damages claim and are properly subject to subpoena. Accordingly, plaintiff's application to quash that portion of the subpoena is denied.

Relying on *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1179 (2d Cir. 1996), defendants contend that their request for documents reflecting plaintiff's interactions with his colleagues and supervisors at South Oaks Hospital is relevant in that it may demonstrate a pattern of oversensitivity. Defendants' reliance on *Reed* is misplaced. In *Reed*, the Second Circuit noted

that a victim's subjective sensibilities could be considered in determining whether an employee could have had a good faith belief that a comment constituted an unlawful employment practice, for purposes of determining whether her complaint about the comment was protected activity. 95 F.3d at 1178-79. The decision in *Reed* does not authorize what the defendants seek to do in this case which is to conduct a wholesale fishing expedition exploring plaintiff's interactions with co-employees and supervisors while employed at his nonparty second employer. The court in *Reed* did not +authorize a wholesale invasion of privacy as a means of exploring plaintiff's subjective sensibilities outside the context of his underlying employment discrimination action. Accordingly, plaintiff's application to quash that portion of the subpoena that seeks information unrelated to his claims of concurrent lost time and wages at South Oaks Hospital is granted.

Dated: Central Islip, New York
       January 24, 2011

**SO ORDERED:**

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge